# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ORLANDO CARTER,<br>Plaintiff, | Case No. 1:18-cv-706<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| PNC BANK, N.A., et al.,<br>Defendants. | **ORDER AND REPORT AND RECOMMENDATION** |

Plaintiff Orlando Carter brings this pro se action against defendant PNC Bank alleging numerous claims under both federal and state law. (Doc. 1). This matter is before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 18), plaintiff's response in opposition (Doc. 22), and defendants' reply memorandum (Doc. 25). This matter is also before the Court on several of plaintiff's pretrial motions (Docs. 3, 13, 14, 15, 20, 21, 26, 29, 30, 34).

## I. Background and Allegations in the Complaint

PNC's motion to dismiss characterizes plaintiff's lawsuit as "the fourth of six lawsuits filed to date by Orlando Carter (or his associates) in a blatant attempt to collaterally attack his 2009 conviction for bank fraud, mail fraud, bankruptcy fraud and making false statements and oaths (*See United States of America v. Orlando Carter*, 1:08 CR 0051)." (Doc. 18 at 2). PNC moves to dismiss plaintiff's complaint under Fed. R. Civ. P 12(b)(6) on the grounds that plaintiff's claims fail to state a plausible claim for relief, are barred by the doctrines of res judicata and witness immunity, and are time-barred under the applicable statutes of limitation. (*Id.* at 3). Where necessary, the undersigned will refer to the background of plaintiff's litigation history thoroughly outlined in Magistrate Judge Stephanie K. Bowman's recent decision of *CBST Acquisition LLC v. PNC Bank, N.A.*, No. 1:19-cv-06, 2019 WL 2603566 (S.D. Ohio June

25, 2019) (Report and Recommendation), *adopted*, 2019 WL 4059918 (S.D. Ohio Aug. 28, 2019). Magistrate Judge Bowman's decision takes judicial notice of the existence of related civil cases filed by plaintiff and his associates, including by CBST Acquisition,[1] all of which have been dismissed. *Id.* at *3 (citing Related Case Memorandum filed in Civil Case 1:18-cv-162 on December 13, 2018, Civil Cases 1:17-cv-508, 1:18-cv-162, 1:18-cv-400, 1:18-cv-825; *see also Carter v. United States*, Civil Case No. 1:16-cv-530; *Carter v. United States*, Civil Case No. 1:17-cv-248; *Rogers v. PNC Bank*, Case No. 1:18-cv-889; *Carter v. PNC Financial Servs. Grp., Inc.*, Case No. 3:18-cv-283 (appeal of dismissal of adversary proceeding in bankruptcy court)).

Plaintiff alleges in his present complaint that PNC currently seeks to collect an $18.3 million debt from him. (Complaint, Doc. 1 at 1). Plaintiff alleges that in May 2018, he "discovered that PNC Bank created fraudulent documents with the purposeful intent of embarrassing or harassing [him] regarding an outstanding $18.3 million debt. . . ." (*Id.* at 2). Plaintiff alleges that this claim by PNC was never mentioned to him during or after his 2009 trial.[2] (*Id.*). According to plaintiff, "PNC Bank abused the legal process by filing a fake and fraudulent $18.3 million proof of claim during [his] ongoing bankruptcy proceeding attempting to pervert the process and cause the court to do something which the court is not empowered to do." (*Id.*). Plaintiff alleges that he has suffered damages not less than $500,000,000 as a result of "PNC Bank's fraud by creating a fake and phony $18.3 million debt." (*Id.*). Attached to his complaint as Exhibit A, plaintiff includes a screenshot of the docket from his bankruptcy proceeding, Case No. 06-30086. (Doc. 1-1). The docket shows that National City Commercial

---

[1] Plaintiff Orlando Carter was the majority owner of Dynus Corporation. CBST is a limited liability company that was operated as a subsidiary of Dynus and that plaintiff has continually referred to as "my company." *CBST Acquisition, LLC*, 2019 WL 2603566, at *2.
[2] In June 2010, the Court sentenced plaintiff to a total of 180 months' imprisonment after a jury found him guilty on 11 fraud-related counts. *See United States v. Carter*, Case No. 1:08-cr-51 (S.D. Ohio Jun. 9, 2010), Doc. 103 at 1-3.

2

Capital Corporation[3] filed a creditor's claim in the amount of approximately $18.3 million on August 18, 2006. (*Id*). On August 21, 2006, National City amended its creditor's claim to approximately $8.8 million. (*Id.*). The description of the creditor's claim states: "Funding of lease induced by fraud of Debtor and Debtor's company." (*Id.*). Based on these facts, plaintiff brings claims under the Fair Debt Collections Practices Act ("FDCPA"), the Ohio Consumer Sales Practices Act ("OCSPA"), 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 1981, as well as various state law tort claims. (Doc. 1 at 19-28).

**II. Rule 12(b)(6) Standard**

Under Fed. R. Civ. P. 12(b)(6), a party may challenge a complaint for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[3] As alleged by plaintiff, PNC acquired National City Bank and National City Commercial Capital Corporation. (Doc. 1 at 3).

3

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III. Resolution**

**A. Plaintiff's complaint is barred by collateral estoppel.**

PNC argues that plaintiff's complaint is barred by the doctrine of res judicata as it is the fourth action that plaintiff has filed against PNC arising from the same set of facts. (Doc. 18 at 7). PNC argues that plaintiff previously alleged many of the same causes of action as he has alleged in this instant matter in *Carter v. National City Bank*, No. 1:17-cv-508 ("*Carter I*"), which was dismissed on December 20, 2018. (*Id.*). PNC contends that plaintiff could have raised the claims in the present complaint in *Carter I* because they arise from the same events occurring in 2006. (*Id.* at 8).

In this case, plaintiff attempts to relitigate the same issues under some different causes of action and theories; therefore, the Court concludes that the doctrine of issue preclusion, or collateral estoppel, more appropriately supports dismissal of plaintiff's claims. The doctrine of issue preclusion provides that "a decision precludes relitigation of the same issue on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment." *Duncan v. Peck*, 752 F.2d 1135, 1138 (6th Cir. 1985). *See also Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 786 (S.D. Ohio 2003) (in contrast to res judicata, collateral estoppel "dictates that once an issue is actually and necessarily determined by a court of

4

competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation."). "A federal court sitting in diversity looks to federal law on collateral estoppel to determine the preclusive effect of a prior federal judgment." *Logan Farms*, 282 F. Supp. 2d at 787 (citing *JZG Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996)). Collateral estoppel involves consideration of four elements: 1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue. *Id.* (citing *Bills v. Aseltine*, 52 F.3d 596, 604 (6th Cir. 1995); *Central Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 259 (6th Cir. 1991)).

The Court concludes that plaintiff's claims are subject to dismissal under the doctrine of collateral estoppel. All four elements for the application of collateral estoppel are present in this case. The crux of this case involving the alleged "fake and fraudulent $18.3 million proof of claim" has previously been litigated by plaintiff or those in privity with plaintiff—namely, CBST, the LLC owned by plaintiff. In *CBST Acquisition, LLC v. PNC Bank*, mentioned above, plaintiff CBST alleged as one of eight allegations that PNC Bank "wrongfully filed two claims in bankruptcy court against Carter in 2006, stating that CBST owed PNC $18.3 million and/or $8.8 million. 2019 WL 2603566, at *2. Magistrate Judge Bowman took judicial notice of the existence of related cases previously litigated by CBST and Carter and his associates, including *Carter I*, cited by PNC in this case. Because most of CBST's claims had previously been litigated by Carter and his associates, the Court recommended dismissal of CBST's lawsuit based on the doctrines of issue preclusion and/or claim preclusion, in addition to the statute of

5

limitations and because CBST's claims were implausible, wholly incredible, and conclusory. *Id.* at *15-21. The Court recommended that PNC's motion to dismiss be granted, thereby dismissing CBST's claims that PNC Bank wrongfully filed two claims in bankruptcy court against Carter in 2006 involving a $18.3 million and/or $8.8 million debt. The District Judge adopted the Report and Recommendation over CBST's objections. 2019 WL 4059918 (S.D. Ohio Aug. 28, 2019). Thus, plaintiff, in privity with CBST, was given a fair chance to litigate the issue involving the alleged $18.3 million claim and is precluded from doing so again. Magistrate Judge Bowman's recent decision therefore provides sufficient support for concluding that plaintiff's claims in this present lawsuit are barred by issue preclusion.

**B. Plaintiff's claims are barred by the applicable statutes of limitation.**

In addition, the Court concludes that many of plaintiff's claims are time-barred. Many of plaintiff's claims are barred by the applicable statute of limitations for the reasons explained by the undersigned in *Carter I*. *Carter v. Nat'l City Bank*, No. 1:17-cv-508, 2018 WL 3543699 (S.D. Ohio July 23, 2018) (Report and Recommendation), *adopted*, 2018 WL 6681226 (S.D. Ohio Dec. 19, 2018) (holding that the following claims were barred by the applicable statutes of limitation: 42 U.S.C. § 1981 (2 years); 42 U.S.C. § 1985 (2 years); 42 U.S.C. § 1986 (plaintiff could not sustain this claim because there was no cause of action under § 1985 as it was time-barred); intentional infliction of emotional distress (4 years); invasion of privacy—intrusion into seclusion (4 years); invasion of privacy—false light (1 year or 4 years, depending on if the allegations support both defamation and false light; fraud (4 years)). *See also CBST Acquisition, LLC*, 2019 WL 2603566, at *15 (citing to *Carter I* and holding that CBST's claims of fraud, negligent misrepresentation, abuse of process, violations of 42 U.S.C. §§ 1981, 1985, or 1986, invasion of privacy and defamation, civil conspiracy, and tortious interference with a business

relationship were all barred by the applicable statute of limitations). In addition, plaintiff's claim under the FDCPA is barred by its one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Plaintiff's claim under the OCSPA is likewise barred by its two-year statute of limitations. Ohio Rev. Code § 1345.10(C). Plaintiff's claim for "abuse of process" is similarly barred by the four-year statute of limitations under Ohio law. *Stover v. Beam*, No. 5:04-cv-1003, 2005 WL 1126753, at *3 (N.D. Ohio Apr. 29, 2005). Plaintiff's allegation in the complaint that he recently discovered in May 2018 that PNC Bank "created fraudulent documents with the purposeful intent of embarrassing and harassing Carter regarding an outstanding $18.3 million debt" is undermined by the bankruptcy court docket attached to his complaint showing that National City Bank filed creditor's claims in Carter's bankruptcy case in August 2006. (Doc. 1-1). Therefore, any claims relating to filings in bankruptcy court began to run in 2006. *See CBST Acquisition, LLC*, 2019 WL 2603566, at *15 (noting that plaintiff CBST's own complaint reflected a creditor's claim filing date of 2006 and plaintiff's allegation that it first learned of any claim in February 2018 was "simply not credible").

Plaintiff has failed to plausibly allege that he is entitled to tolling of the statute of limitations based upon fraudulent concealment. As the undersigned explained in *Carter I*:

> To survive a motion to dismiss on the ground that a claim is time-barred, a plaintiff relying on the doctrine of fraudulent concealment must plausibly plead: (1) the defendant wrongfully concealed its actions; (2) the plaintiff failed to discover the cause of action before the expiration of the limitations period; and (3) plaintiff exercised due diligence. *Burd v. Manley Deas Kochalski PLLC*, No. 2:13-cv-593, 2014 WL 12572908, at *2 (S.D. Ohio Mar. 31, 2014) (citing *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 475 (6th Cir. 2013)).

*Carter I*, 2018 WL 3543699, at *4. Here, by plaintiff's own admission, he has failed to plausibly plead that he did not discover the cause of action before the expiration of the limitations period or that he exercised due diligence. Plaintiff's own "Exhibit A"—the bankruptcy docket attached

7

to his complaint—shows that National City Commercial Capital Corporation made a creditor's claim of $18.3 million on August 18, 2006 and an amended creditor's claim of $8.8 million on August 21, 2006. Plaintiff certainly had constructive knowledge of these facts as early as 2006, and the Court is therefore not persuaded plaintiff discovered the alleged "fake and fraudulent $18.3 million proof of claim" in May 2018. *Carter I*, 2018 WL 3543699, at *4-5. *See also CBST Acquisition, LLC*, 2019 WL 2603566, at *16.

Accordingly, because plaintiff's claims are barred by collateral estoppel and the applicable statutes of limitations, PNC's motion to dismiss (Doc. 18) should be **GRANTED**.

### IV. All remaining motions should be denied as moot (Docs. 3, 13, 14, 15, 20, 21, 26, 29, 30, 34)

As the Court has determined that all of plaintiff's claims should be dismissed and PNC's motion to dismiss should be granted, the Court need not consider these motions. The Court determines that the following motions are considered moot: plaintiff's motion for summary judgment (Doc. 3), plaintiff's motion for a TRO/to show cause (Doc. 13), plaintiff's motion for a preliminary injunction (Doc. 14), plaintiff's motion for an emergency hearing (Doc. 15), plaintiff's motion to expedite ruling on motion for summary judgment (Doc. 20), plaintiff's motion to hold matter in abeyance (Doc. 21), plaintiff's motion for hearing (Doc. 26), plaintiff's request for reconsideration (Doc. 29), defendants' motion for leave to file a sur-reply (Doc. 30), and plaintiff's motion for production of documents (Doc. 34).

### VI. Conclusion

Based on the foregoing, **it is RECOMMENDED that:**

1. Defendants' motion to dismiss (Doc. 18) be **GRANTED**.

2. Plaintiff's motion for summary judgment (Doc. 3) be **DENIED as MOOT**.

3. Plaintiff's motion for a TRO/to show cause (Doc. 13) be **DENIED as MOOT**.

4. Plaintiff's motion for a preliminary injunction (Doc. 14) be **DENIED as MOOT**.

It is **ORDERED** that:

1. Plaintiff's motion for an emergency hearing (Doc. 15) is **DENIED as MOOT**.
2. Plaintiff's motion to expedite ruling on motion for summary judgment (Doc. 20) is **DENIED as MOOT**.
3. Plaintiff's motion to hold matter in abeyance (Doc. 21) is **DENIED as MOOT**.
4. Plaintiff's motion for a hearing (Doc. 26) is **DENIED as MOOT**.
5. Plaintiff's request for reconsideration (Doc. 29) is **DENIED as MOOT**.
6. Defendants' motion for leave to file a sur-reply to plaintiff's reply to defendants' opposition for hearing (Doc. 30) is **DENIED as MOOT**.
7. Plaintiff's motion for production of documents is **DENIED as MOOT**.

Date: 9/5/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ORLANDO CARTER,
Plaintiff,

vs.

PNC BANK, N.A., et al.,
Defendants.

Case No: 1:18-cv-706
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).